IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DIANE E. C.,

                        Plaintiff,

            v.                                    Civil Action No.
                                                  5:21-CV-0297 (TJM/DEP)

COMMISSIONER OF SOCIAL SECURITY

                        Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP               CAEDEN SEHESTED, ESQ.
250 South Clinton Street, Suite 210    HOWARD D. OLINSKY, ESQ.
Syracuse, NY 13202

FOR DEFENDANT

SOCIAL SECURITY ADMIN.          LUIS PERE, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE


REPORT AND RECOMMENDATION

Plaintiff has commenced this proceeding, pursuant to 42 U.S.C. §§

405(g) and 1383(c)(3), to challenge a determination of the Commissioner of

Social Security ("Commissioner") finding that she was not disabled at the

relevant times and, accordingly, is ineligible for the disability insurance

("DIB") and supplemental security income ("SSI") benefits for which she

has applied.  The matter has been referred to me for the issuance of a

report and recommendation, pursuant to 28 U.S.C. § 636(b) and Northern

District of New York Local Rule 72.3.  For the reasons set forth below, I

recommend a finding that the Commissioner's determination resulted from

the application of proper legal principles and is supported by substantial

evidence.

I.    BACKGROUND

Plaintiff was born in October of 1983, and is currently thirty-eight

years of age.  She was thirty-two years old at her alleged onset date of

disability – May 30, 2016 – and thirty-four years old the time of her

application for benefits in February of 2018.  Plaintiff stands five feet and

four inches in height, and weighed approximately one hundred and sixty-

five pounds at the relevant times.  Plaintiff lives in an apartment with her

minor daughter in Booneville, New York.

Plaintiff reports having graduated from high school and undertaking

some college classes, although she did not obtain a college degree.  She

previously worked as a customer service representative, a cashier, and a

server at various restaurants.

Physically, plaintiff alleges that she suffers from pain and difficulties with her left foot, ankle, and leg stemming from a motor vehicle accident in 2016, as well as a ruptured disc in her cervical spine that causes pain and neurological symptoms in her upper extremities.  As is relevant to her applications, plaintiff has primarily treated for these impairments with sources at Syracuse Orthopedic Specialists and the New York Spine and Wellness Center, through which she underwent surgery to initially fix the fracture in her left foot, and pain management services.

Plaintiff also alleges that she suffers from mental impairments, including depression, anxiety, and panic attacks, for which she has been treated with medication by her primary care physician at TriValley Family Medicine.  She has not been hospitalized as a result of a psychiatric condition, nor has she received outpatient mental health treatment from any source other than her primary care provider.

Plaintiff alleges that she is limited by both her physical issues and her anxiety.  Regarding her physical impairments, she complains of cramps in her foot and body that make it difficult to move around, sit for more than five or ten minutes, stand, walk, or use her arms.  Plaintiff reports that oxycodone and her other medications help her pain, but also make her feel

tired, sick, and dizzy.  She has difficulty dressing herself, but is able to do

laundry and housework with help.  During the day, plaintiff watches

television and sleeps a lot.  She has difficulty focusing and fidgets because

of her pain.  Regarding her anxiety, plaintiff experiences difficulty going

places, and she no longer drives because of anxiety related to her previous

motor vehicle accident.  She reports experiencing panic attacks almost

every day, but she does not receive any treatment from a specialist for that

condition.

II.    PROCEDURAL HISTORY

    A.    Proceedings Before the Agency

Plaintiff applied for DIB and SSI payments under Titles II and XVI of

the Social Security Act, respectively, on February 5, 2018.  In support of

her applications, she claims to be disabled due to ankle problems, neck

problems, headaches, feet problems, nerve pain, arm problems, a ruptured

disc, an anxiety disorder, and depression.

A hearing was conducted on November 13, 2019, by Administrative

Law Judge ("ALJ") David Romeo, to address plaintiff's applications.

Following that hearing, ALJ Romeo issued an unfavorable decision on

November 22, 2019.  That opinion became a final determination of the

agency on January 19, 2021, when the Social Security Appeals Council

("Appeals Council") denied plaintiff's request for review of the ALJ's decision.

B.    The ALJ's Decision

In his decision, ALJ Romeo applied the familiar, five-step sequential test for determining disability.  At step one, he found that plaintiff had not engaged in substantial gainful activity during the relevant period.  The ALJ next found at step two that plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform basic work functions, including status-post left foot metatarsal fracture with chronic regional pain syndrome, cervical radiculopathy with herniated disc, and left trochanteric bursitis.  The ALJ found that plaintiff's alleged mental impairments, however, do not reach the requisite level to be considered severe impairments.

At step three, ALJ Romeo examined the governing regulations of the Commissioner setting forth presumptively disabling conditions (the "Listings"), *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1, and concluded that plaintiff's conditions do not meet or medically equal any of the listed, presumptively disabling conditions set forth in the Commissioner's regulations, specifically considering Listings 1.02, 1.03, and 1.04.

ALJ Romeo next surveyed the available record evidence and

concluded that plaintiff retains the residual functional capacity ("RFC") to perform a limited range of sedentary work, with the following additional restrictions:

> no operation of foot controls with the left lower extremity; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ropes, ladders, or scaffolds; frequently reach, handle, finger, and feel with both upper extremities; never be exposed to high, exposed places or moving mechanical parts; requires a cane to walk, but not for balance while standing; can balance on level surfaces while standing and walking, but never on narrow, slippery, or erratically moving surfaces; needs to elevate the left leg during the workday, but this need could be accommodated by the normal morning, lunch, and afternoon breaks; and needs an option to stand for three minutes after every 30 minutes of sitting, but can remain on-task while standing.

Proceeding to step four, ALJ Romeo concluded, after consulting a vocational expert, that plaintiff remains able to perform her past relevant work as a customer service representative, which the vocational expert classified as a sedentary position with a specific vocational preparation ("SVP") level of four, representing semi-skilled work. Based upon these findings, ALJ Romeo concluded that plaintiff was not disabled at the relevant times.

C.    This Action

6

Plaintiff commenced this action on April 15, 2021.[1]  In support of her challenge to the ALJ's determination, plaintiff argues that (1) the ALJ committed legal error by failing to recontact consultative examiner Dr. Rita Figueroa for clarification in functional terms of the portion of her opinion that plaintiff has "marked" limitations in her ability to stand and walk, and (2) the ALJ failed to conduct a function-by-function assessment of plaintiff's abilities to stand and walk in particular, including a failure to specify how long plaintiff can walk and/or stand in an eight hour workday, and thereby failed to provide sufficient findings to allow meaningful review of his conclusion that plaintiff was capable of performing sedentary work.  Dkt. No. 16.

Oral argument was conducted in this matter, by telephone, on May 13, 2022, at which time decision was reserved.

III.    DISCUSSION

A.    Scope of Review

A court's review under 42 U.S.C. § 405(g) and 1383(c)(3) of a final decision by the Commissioner is subject to a "very deferential" standard of

---

[1]    This action is timely, and the Commissioner does not argue otherwise.  It has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order, the court treats the action procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

review, and is limited to analyzing whether the correct legal standards were

applied, and whether the decision is supported by substantial evidence.

*Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012);

*Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002); *Shaw v. Chater*, 221

F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir.

1998).  Where there is reasonable doubt as to whether an ALJ has applied

the proper legal standards, the decision should not be affirmed even

though the ultimate conclusion reached is arguably supported by

substantial evidence.  *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987).

If, however, the correct legal standards have been applied, and the ALJ's

findings are supported by substantial evidence, those findings are

conclusive, and the decision will withstand judicial scrutiny regardless of

whether the reviewing court might have reached a contrary result if acting

as the trier of fact.  *Veino*, 312 F.3d at 586; *Williams v. Bowen*, 859 F.2d

255, 258 (2d Cir. 1988); *see also* 42 U.S.C. § 405(g).

The term "substantial evidence" has been defined as "such relevant

evidence as a reasonable mind might accept as adequate to support a

conclusion."  *Richardson v. Perales*, 402 U.S. 390, 401 (1971) (quoting

*Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *accord, Jasinski v.*

*Barnhart*, 341 F.3d 182, 184 (2d Cir. 2003).  To be substantial, there must

be "more than a mere scintilla" of evidence scattered throughout the administrative record.  *Richardson*, 402 U.S. at 401 (internal quotation marks omitted); *Williams*, 859 F.3d at 258.  "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis on the substantiality of the evidence must also include that which detracts from its weight."  *Williams*, 859 F.2d at 258 (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *Mongeur v. Hechler*, 722 F.2d 1033, 1038 (2d Cir. 1983)).

B.    Disability Determination: The Five-Step Evaluation Process

The Social Security Act ("Act") defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or

whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The agency has prescribed a five-step evaluative process to be employed in determining whether an individual is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. The first step requires a determination of whether the claimant is engaged in substantial gainful activity ("SGA"); if so, then the claimant is not disabled, and the inquiry need proceed no further. *Id.* §§ 404.1520(b), 416.920(b). If the claimant has not worked at a level constituting SGA, then the second step involves an examination of whether the claimant has a severe impairment or combination of impairments that significantly restricts his or her physical or mental ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant is found to suffer from such an impairment, the agency must next determine whether it meets or equals an impairment listed in Appendix 1 of the regulations. *Id.* §§ 404.1520(d), 416.920(d); *see also id.* Part 404, Subpt. P, App. 1. If so, then the claimant is "presumptively disabled." *Martone v. Apfel*, 70 F. Supp. 2d 145, 149 (N.D.N.Y. 1999) (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires an assessment of whether the claimant's RFC precludes the performance of

his or her past relevant work.  20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f).

If it is determined that it does, then as a final matter, at step five the agency

must examine whether the claimant can do any other work.  *Id.* §§

404.1520(g), 416.920(g).

The burden of showing that the claimant cannot perform past work

lies with the claimant.  *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996);

*Ferraris*, 728 F.2d at 584.  Once that burden has been satisfied, however, it

becomes incumbent on the agency to prove that the claimant is capable of

performing other available work.  *Perez*, 77 F.3d at 46.  In deciding whether

that burden has been met, the ALJ should consider the claimant's RFC,

age, education, past work experience, and transferability of skills.  *Ferraris*,

728 F.2d at 585; *Martone*, 70 F. Supp. 2d at 150.

C.   Analysis

1.   The ALJ's Assessment of Dr. Figueroa's Opinion

Plaintiff first argues that the ALJ failed to adequately develop the

record by not recontacting consultative examining physician Dr. Rita

Figueroa for clarification in connection with her opinion that plaintiff has a

"marked" limitation in her ability to stand and walk, contending that it is not

clear that such marked limitation actually supports the ALJ's conclusion

that plaintiff can perform sedentary work.  Dkt. No. 16, at 15-18.

Because plaintiff's applications were filed after March 27, 2017, this

case is subject to the amended regulations regarding opinion evidence.

Under those regulations, the Commissioner "will not defer or give any

specific evidentiary weight, including controlling weight, to any medical

opinion(s), . . . including those from your medical sources," but rather will

consider whether those opinions are persuasive by primarily considering

whether the opinions are supported by and consistent with the record in the

case. 20 C.F.R. § 416.920c(a); *see* 82 Fed. Reg. 5844-01, 2017 WL

168819, at *5853 (stating that, in enacting the new regulations, the agency

was explicitly "not retaining the treating source rule"). An ALJ must

articulate in his or her determination as to how persuasive he or she finds

all of the medical opinions and explain how he or she considered the

supportability[2] and consistency[3] of those opinions. 20 C.F.R. §

416.920c(b). The ALJ also may – but is not required to – explain how he or

---

[2]     On the matter of supportability, the regulations state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion or prior administrative medical findings(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

[3]     On the matter of consistency, the regulations state that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

she considered the other relevant enumerated factors related to the

source's relationship with the claimant, including the length of any

treatment relationship, the frequency of examinations by the source and the

purpose and extent of the treatment relationship, whether the source had

an examining relationship with the claimant, whether the source specializes

in an area of care, and any other factors that are relevant to the

persuasiveness of that source's opinion.  20 C.F.R. § 416.920c(c).

The ALJ found Dr. Figueroa's opinion that plaintiff has "marked

limitation to *prolonged* walking, standing, being up and down ladders, and

uneven heights" to be persuasive because it is based on Dr. Figueroa's

examination, is supported by the findings in her examination report, and is

consistent with the objective medical evidence.  Administrative Transcript

("AT") at 27 (emphasis added).[4]  The ALJ also assessed that this opinion is

"compatible with an ability on the part of the claimant to work at the

sedentary level of exertion with some postural and environmental

restrictions."  *Id.*

As to plaintiff's argument that the ALJ was required to obtain

clarification regarding Dr. Figueroa's opinion due to the fact that the

---

[4]    The Administrative Transcript is found at Dkt. No. 11, and will be referred to
herein as "AT __."

vagueness of the term "marked" would have rendered the ALJ unable to make an appropriate assessment of plaintiff's functioning, that argument should be rejected for multiple reasons.

First, and most importantly, the ALJ did not assess Dr. Figueroa's opinion in a vacuum.  Although terms like "marked" or "moderate" can be too vague to be useful under some circumstances, the context of both the source's own examination and the other evidence reviewed by the ALJ when interpreting those terms is important when assessing whether the opinion can provide substantial evidence to support an ALJ's decision.  *See Wendy H. v. Comm'r of Soc. Sec.*, 19-CV-0744, 2020 WL 2559915, at *7 (N.D.N.Y. May 20, 2020) (Baxter, M.J.) (acknowledging that use of terms such as "moderate" or "marked" are not impermissibly vague when the source using those terms provides "additional clarifying information," which includes their own thorough physical examination, but ultimately finding that the evidence in that case did not show that a marked limitation would reasonably be consistent with sedentary work) (citing *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34-35 (2d Cir. 2013)).  Here, there is no indication that the record does not contain plaintiff's complete relevant medical history, and the ALJ provided a detailed summary of that evidence proving that he did indeed review and consider all of that evidence.

Because the ALJ therefore had more than sufficient contextual information to aid his interpretation of Dr. Figueroa's opinion, there was no reason for him to recontact Dr. Figueroa or obtain a statement from a treating source.

Plaintiff's implied argument that the ALJ interpreted Dr. Figueroa's statement based only upon his own lay assessment of the evidence also ignores that fact that the ALJ found the opinion from nonexamining state agency physician Dr. A. Saeed to be persuasive.  Dr. Saeed, who notably reviewed Dr. Figueroa's examination report and opinion as part of the file available to him when rendering his own opinion, opined that plaintiff remains capable of performing sedentary work, including specifically an ability to stand and walk for two hours in an eight-hour workday.  AT 76-78. Therefore, contrary to plaintiff's argument, the ALJ did not rely entirely on his own interpretation of "marked" in Dr. Figueroa's opinion, but rather on the clarifying interpretation of a different medical source.

The fact that the ALJ relied also on Dr. Saeed's opinion to support the RFC for sedentary work, and that there is no other opinion which provides a contrary functional assessment,[5] separates this case from

---

[5]    As the ALJ noted in his decision, treating physician Dr. Frederick Lemley made statements in his treatment notes that plaintiff was unable to work at various times, but would be able to perform "sedentary" work with minimal ambulation when she transitioned to using a boot after her surgery.  *See e.g.,* AT 367-68.  Notably, on June 9, 2017, Dr. Lemley opined that plaintiff was limited to "sedentary" work as a result of her foot issues, although he further opined that that her cervical spine issues would make it

others in which this court has found that an opined marked limitation in abilities such as standing, walking, sitting, lifting, or carrying might be inconsistent with the demands of sedentary work. *See e.g.*, *Wendy H.*, 2020 WL 2559915, at *7-8 (finding error in the ALJ's purported reliance on opinion stating marked limitations where the evidence also included an opinion from a physician assistant that expressed an ability to perform less than sedentary work and which the ALJ failed to appropriately weigh); *Jeffrey C. v. Comm'r of Soc. Sec.*, 18-CV-0094, 2019 WL 1228659, at *8-9 (N.D.N.Y. Mar. 14, 2019) (Baxter, M.J.) (ALJ improperly rejected treating physician opinion in favor of an unreliable nonexamining source opinion and a consultative examiner's opinion that included marked limitations, and the ALJ failed to explain how those marked limitations were consistent with the RFC); *see also Merkley v. Comm'r of Soc. Sec.*, 16-CV-1394, 2017 WL 4512448, at *8 (N.D.N.Y. Oct. 10, 2017) (Suddaby, C.J.) (finding reliance on consultative examiner's opinion to support RFC for sedentary work problematic where the ALJ failed to explain at all how that opinion was consistent with the RFC, or failed to even state what specific weight he

---

"difficult" for her to do any work.  AT 311.  The ALJ appropriately rejected statements that plaintiff is disabled as an issue reserved for the Commissioner and explained why the non-specific assessment of difficulty working was not consistent with the totality of the evidence in the record.  Plaintiff has not presented any argument that Dr. Lemley's statements provide a basis for doubting the ALJ's conclusions.

afforded that opinion); *Rowe v. Colvin*, 166 F. Supp. 3d 234,  (N.D.N.Y. 2016) (Young, J.) (finding error where the ALJ failed to explain how he resolved various marked limitations in consultative examiner's opinion with the RFC for a full range of sedentary work such as to render meaningful review impossible).  Unlike in such cases, the ALJ in this instance provided ample explanation regarding how the marked limitations were consistent with his RFC finding, including his detailed discussion of the evidence and his explicit reliance on Dr. Saeed's opinion.

Moreover, in addition to his reliance on Dr. Saeed's interpretation in his decision, the ALJ included a detailed discussion of the evidence of record, and plaintiff has not pointed to any evidence that would adequately undermine the conclusion that substantial evidence supports the ALJ's overall determination that plaintiff can perform the standing and walking requirements of sedentary work.  In terms of medical evidence, the record documents that plaintiff suffered a fracture in her left foot as the result of a motor vehicle accident on May 21, 2016.  AT 484.  She was non-weightbearing until approximately September of 2016 while her foot was healing, at which time she was noted to be full weightbearing while wearing a CAM boot, although she was still utilizing an ambulation aid.  AT 351, 354-56, 358, 367-68, 372-73.  Plaintiff continued to use an ambulation aid

until January of 2017, at which time she was noted to have normal coordination and gait.  AT 337.  During January 2017, she continued to report foot pain and swelling, which were treated with gabapentin as suspected neuropathy.  AT 328-29, 332-33, 451.  Throughout 2017, plaintiff continued to report foot pain and was consistently observed to have diffuse localized swelling, pain in her midfoot, tenderness in her plantar fascia, and hypersensitivity in her foot to light palpation, with varying observations of either antalgic or normal gait.  *See, e.g.*, AT 295-96, 301, 305, 309-10, 314, 318-19, 323-24, 405, 409-10, 419, 440.

In January 2018, plaintiff reported that her pain was radiating up her left leg, which continued throughout 2018 and 2019, although observations remained essentially the same as they had in 2017 with the addition of tenderness in her leg.  *See, e.g.*, AT 388, 560, 565, 570, 579, 584, 589, 595, 600, 693, 697, 701-02, 706-07, 711-12.  Notably, in May 2019, plaintiff reported than an increase in oxycodone provided better relief of her pain throughout the day, and in August 2019, she presented to her physician weightbearing in only sandals.  AT 563, 691.  Although the record certainly reflects that plaintiff continued to experience pain, tenderness, and sensitivity first in her foot and then her leg throughout the duration of the relevant period, she was fully weightbearing by the beginning of 2017 and

18

there is no indication in the record that she would be unable to perform the limited walking and standing requirements of sedentary work as found by the ALJ.

The ALJ therefore reasonably interpreted Dr. Figueroa's opinion in light of all of the evidence before him.  An ALJ is permitted and indeed duty-bound to resolve inconsistencies in the evidence and to interpret the evidence, and such interpretations are generally upheld on review so long as they are reasonable.  *See Eddie Alberto Lugo Cortes v. Comm'r of Soc. Sec.*, 16-CV-1012, 2017 WL 3524674, at *8 (N.D.N.Y. Aug. 15, 2017) (Hummel, M.J.) (finding no error in the ALJ's interpretation of a marked limitation in lifting and carrying as being consistent with sedentary work where "[t]he ALJ's thorough discussion of the physical treatment evidence and his finding that Plaintiff could perform sedentary work provides insight into how the ALJ interpreted the extent of the marked limitation," and that such interpretation appeared to be reasonable based on the treatment evidence as a whole, including the source's own examination report); *Brouillette v. Astrue*, 901 F. Supp. 2d 328, 333 (N.D.N.Y. 2012) (Kahn, J.) ("If the evidence is deemed susceptible to more than one rational interpretation, then the Commissioner's conclusion must be upheld.") (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)).  Although plaintiff

would prefer that the evidence be interpreted in a different manner, it is not the function of this court to reweigh evidence on appeal. *See Vicky M. v. Comm'r of Soc. Sec.*, 17-CV-0521, 2018 WL 4119112, at *6 (N.D.N.Y. Aug. 28, 2018) (Stewart, M.J.) (collecting cases).

Because the treatment evidence and the opinion from Dr. Saeed both provide substantial evidence to support the ALJ's findings regarding plaintiff's ability to stand and walk, there was more than ample evidence in the record for the ALJ to make an assessment of plaintiff's functional abilities notwithstanding any vagueness in Dr. Figueroa's use of the term "marked." Additionally, in light of all of the evidence, including Dr. Figueroa's own observation on her examination of plaintiff, it does not appear that the ALJ's interpretation of such "marked" limitations as remaining consistent with sedentary work is unreasonable in this case. For these reasons, I recommend that plaintiff's argument be rejected and the ALJ's determination be upheld.

### 2.   The ALJ's Assessment of Plaintiff's Ability to Stand and Walk

Plaintiff next argues that the ALJ failed to appropriately assess plaintiff's ability to stand and walk in particular on a function-by-function basis as required by the regulations. Dkt. No. 16, at 18-24. As an initial matter, even assuming the ALJ did not provide a function-by-function

20

assessment, the Second Circuit has refused to adopt a *per se* rule that such an omission requires remand, recognizing instead that it becomes a problem requiring remand only where there is contradictory medical evidence or the failure to provide such an analysis frustrates meaningful review.  *See Merri C. v. Comm'r of Soc. Sec.*, 20-CV-0752, 2021 WL 3848479, at *3-4 (N.D.N.Y. Aug. 27, 2021) (Stewart, M.J.) (citing *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013)).  There is no such issue here because plaintiff again ignores the ALJ's assessment of the opinion from Dr. Saeed.  In his decision, the ALJ explicitly noted that Dr. Saeed opined, among other things, that plaintiff is able to "stand and/or walk for a total of two hours in an eight-hour workday."  AT 26, 76-77.  The ALJ then stated that he found this opinion was "compatible with a determination that the claimant retains the ability to perform sedentary work," and noted that it was consistent with the evidence of record that Dr. Saeed had reviewed. AT 26.  Contrary to plaintiff's argument, the ALJ therefore did "address the actual time that Plaintiff could stand or walk," in that he found Dr. Saeed's opinion expressing an ability to stand or walk for two hours in an eight-hour workday to be persuasive.  This explanation both represents a function-by-function assessment of the ability to stand and walk and provides sufficient

information to allow for meaningful review.[6]  I therefore recommend that

plaintiff's argument in this respect be rejected.

## IV.    <u>SUMMARY AND RECOMMENDATION</u>

After considering the record as a whole and the issues raised by the

plaintiff in support of her challenge to the Commissioner's determination, I

recommend a finding that the Commissioner's determination resulted from

the application of proper legal principles and is supported by substantial

evidence.  Accordingly, it is hereby respectfully

RECOMMENDED that the Commissioner's decision be AFFIRMED,

defendant's motion for judgment on the pleadings (Dkt. No. 19) be

GRANTED, plaintiff's motion for judgment on the pleadings (Dkt. No. 16) be

DENIED, and plaintiff's complaint be DISMISSED.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days

within which to file written objections to the foregoing report.  Such

objections shall be filed with the Clerk of the Court.  <u>FAILURE TO OBJECT</u>

---

[6]    The Commissioner's regulations define sedentary work as work in which "walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. §§ 404.1567(a), 416.967(a).  "Occasional" is further defined in the context of walking and standing in sedentary work as "occurring from very little up to one-third of the time, and would generally involve no more than about 2 hours of an 8-hour workday."  SSR 96-9p.  Implicit in the finding that plaintiff can perform the requirements of sedentary work, as so defined, is the ALJ's determination that plaintiff can stand or walk for no more than two hours, particularly in the context of his reliance on Dr. Saeed's opinion that specifically finds as much.

TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE

APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir.

1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.


Dated:    May 23, 2022
          Syracuse, NY              _____
                                    DAVID E. PEEBLES
                                    U.S. Magistrate Judge