UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DIANE E. C.,

                               **Plaintiff,**

      vs.                                                     5:21-cv-0297
                                                                       (MAD/DEP)
**COMMISSIONER OF SOCIAL SECURITY,**

                               **Defendant.**
_____

APPEARANCES:                                      OF COUNSEL:

**OLINSKY LAW GROUP**                       **HOWARD D. OLINKSY, ESQ.**
250 South Clinton Street, Suite 210         **CAEDEN SEHESTED, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**   **LUIS PERE, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On February 5, 2018, Plaintiff filed an application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), alleging a disability onset date of May 30, 2016, due to ankle problems, neck problems, anxiety disorder, headaches, feet problems, depression, nerve pain, arm problems, and ruptured disks. *See* Administrative Transcript ("Tr.") at 15, 180-195. Her claim was initially denied on April 16, 2018. *See id*. at 98. Plaintiff then requested a hearing, which was held on November 13, 2019, before Administrative Law Judge

("ALJ") David Romeo. *See id.* at 35-66. On November 22, 2019, ALJ Romeo denied Plaintiff's application for benefits. *See id.* at 12-33. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review on January 19, 2021. *See id.* at 3-5.

Plaintiff commenced this action on March 16, 2021, and the parties subsequently cross-moved for judgment on the pleadings. *See* Dkt. Nos. 16, 19. In a February 7, 2022 Report-Recommendation and Order, Magistrate Judge Peebles recommended that the Court affirm the Commissioner's decision and dismiss this action. *See* Dkt. No. 23. Currently before the Court are Magistrate Judge Peebles' Report-Recommendation and Order and Plaintiff's objections to it. *See* Dkt. No. 24. For the reasons set for below, Magistrate Judge Peebles' Report-Recommendation and Order is adopted in its entirety.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the parties are referred to the Report-Recommendation and Order of Magistrate Judge Peebles. *See* Dkt. No. 23.

## III. DISCUSSION

**A.    Standard of Review**

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the Administrative Transcript to ascertain whether the correct legal standards were applied, and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)) (other citations omitted). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health and Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) (citation omitted).

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     The ALJ's Decision**

A person is disabled when he is unable "to engage in substantial activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or

3

which has lasted or can be expected to last for a continuous period of not less than 12 months."

42 U.S.C. § 423(d)(1)(A). Furthermore, a claimant's physical or mental impairment must be of "such severity" that

> he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A). There is a five-step analysis to evaluate disability claims:

> First, the [ALJ] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [ALJ] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [ALJ] will consider him disabled without considering vocational factors such as age, education, and work experience; the [ALJ] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [ALJ] then determines whether there is other work which the claimant could perform. … [T]he claimant bears the burden of proof as to the first four steps, while the [agency] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

In his decision denying Plaintiff's application, the ALJ first found that Plaintiff has not engaged in substantial gainful activity since May 30, 2016, the alleged onset date. Tr. at 17. At the second step, the ALJ found the following severe impairments: "status-post left foot metatarsal fracture with chronic regional pain syndrome, cervical radiculopathy with herniated disc, and left

4

trochanteric bursitis." *Id.*  In so doing, the ALJ found that Plaintiff's other alleged ailments—including anxiety and depression—were not severe. *Id.* at 18.  The ALJ stated, "[t]he evidence of record further reflects that the claimant's anxiety and depression are well controlled by medication, and that the mental status exams performed by her primary care providers have been within normal limits." *Id.*  At step three, ALJ Romeo concluded that Plaintiff's conditions do not meet or medically equal any of the listed, presumptively disabling conditions set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.* at 21.

ALJ Romeo next concluded that Plaintiff retained the residual functional capacity ("RFC") to perform a limited range of sedentary work with the following additional restrictions:

> no operation of foot controls with the left lower extremity; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; never climb ropes, ladders, or scaffolds; frequently reach, handle, finger, and feel with both upper extremities; never be exposed to high, exposed places or moving mechanical parts; requires a cane to walk, but not for balance while standing; can balance on level surfaces while standing and walking, but never on narrow, slippery, or erratically moving surfaces; needs to elevate the left leg during the workday, but this need could be accommodated by the normal morning, lunch, and afternoon breaks; and needs an option to stand for three minutes after every 30 minutes of sitting, but can remain on-task while standing.

*Id.*  Accordingly, the ALJ found that Plaintiff was able to perform her past relevant work as a customer service representative. *Id.* at 27.  Thus, the ALJ found her not disabled. *Id.* at 29.

**C.    Magistrate Judge Peebles' Report-Recommendation and Order**

In a May 23, 2022 Report-Recommendation and Order, Magistrate Judge Peebles recommended that this Court affirm the Commissioner's decision denying disability benefits. *See* Dkt. No. 23.  Magistrate Judge Peebles rejected Plaintiff's two arguments.  Plaintiff argued that (1) the RFC determination lacked substantial evidence because the ALJ failed to request

clarification from the consultative examiner, Rita Figueroa, and (2) that the ALJ failed to conduct a function-by-function test as required pursuant to SSR 96-8p.  *See* Dkt. No. 16 at 15-23. Magistrate Judge Peebles instead found that the ALJ did not assess Dr. Figueroa's opinion was not assessed "in a vacuum." Dkt. No. 23 at 14.  He found that the ALJ "had more than sufficient contextual information to aid his interpretation of Dr. Figueroa's opinion, there was no reason for him to recontact Dr. Figueroa or obtain a statement from a treating source." *Id.* at 15.  Magistrate Judge Peebles concluded, "[t]herefore, contrary to plaintiff's argument, the ALJ did not rely entirely on his own interpretation of 'marked' in Dr. Figueroa's opinion, but rather on the clarifying interpretation of a different medical source." *Id.*

Magistrate Judge Peebles then found that the ALJ did not fail to appropriately assess Plaintiff's ability to stand and walk on a function-by-function basis.  First, Magistrate Judge Peebles found that even if the ALJ did not provide a function-by-function assessment, there is no *per se* rule requiring the ALJ to do so.  *Id.* at 21.  Then Magistrate Judge Peebles also noted that the ALJ had found persuasive Dr. Saeed's opinion that Plaintiff could stand or walk for two hours in an eight-hour workday. *Id.*  "This explanation both represents a function-by-function assessment of the ability to stand and walk and provides sufficient information to allow for meaningful review," Magistrate Judge Peebles concluded.

**D.   Analysis**

Having carefully reviewed Magistrate Judge Peebles' Report–Recommendation and Order, the parties' submissions, and the applicable law, the Court finds that the Commissioner's decision must be upheld.  In her objections, Plaintiff repeats the same two arguments, arguing that the ALJ was required to clarify Dr. Figueroa's opinion and that the ALJ was required to provide a function-by-function assessment.

6

Magistrate Judge Peebles correctly found that the ALJ did not need to clarify Dr. Figueroa's opinion regarding Plaintiff's ability to stand or walk. Dr. Figueroa opined that Plaintiff has a "marked limitation" in prolonged walking, standing, climbing ladders, and being at uneven heights. Tr. at 27. Plaintiff argues that the ALJ failed to explain how he interpreted the term "marked" in his decision. Dkt. No. 24 at 2. But it is clear from the ALJ's opinion that he also relied on Dr. Saeed's finding as well. The ALJ found that Dr. Saeed's opinion that Plaintiff could stand or walk for two hours were persuasive because they were well supported and "consistent with the evidence of record that was available[.]" Tr. at 26. The evidence that Dr. Saeed considered included Dr. Figueroa's opinion that Plaintiff had "marked limitation." Therefore, the ALJ did not rely on his own opinion of "marked" but rather the persuasive opinion of Dr. Saeed. Additionally, the ALJ considered all the relevant medical evidence to clearly and exhaustively explain how the marked limitation was consistent with his RFC finding. *See id.* at 21-28. As Magistrate Judge Peebles conclude, "[b]ecause the treatment evidence and the opinion from Dr. Saeed both provide substantial evidence to support the ALJ's findings regarding plaintiff's ability to stand and walk, there was more than ample evidence in the record for the ALJ to make an assessment of plaintiff's functional abilities notwithstanding any vagueness in Dr. Figueroa's use of the term 'marked.'" Dkt. No. 23 at 20. The Court agrees.

Magistrate Judge Peebles also correctly addressed Plaintiff's argument regarding a function-by-function assessment. Plaintiff argues the ALJ never specified to the vocational expert how long Plaintiff could stand or walk in an eight-hour day. Dkt. No. 24 at 2-3. But as Magistrate Judge Peebles points out, there is no *per se* rule that such an omission requires remand. *See* Dkt. No. 23 at 21. Instead, remand is required "only where there is contradictory medical evidence or the failure to provide such an analysis frustrates meaningful review." *Id.*

(citing *Merri C. v. Comm'r of Soc. Sec.*, No. 20-CV-0752, 2021 WL 3848479, *3-4 (N.D.N.Y. Aug. 27, 2021); *see also Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013). Here, Plaintiff's objections do not identify any contradictory medical evidence.

Moreover, there is no difficulty conducting a "meaningful review" because the vocational expert did not testify that some sedentary jobs involve more than two hours of standing or walking. Instead, the vocational expert testified that a limitation of *less than* two hours of standing or walking could preclude certain sedentary jobs. *See* Tr. at 64. Accordingly, there is no indication that any sedentary jobs could require more than two hours of standing or walking. Indeed, as Magistrate Judge Peebles noted:

> The Commissioner's regulations define sedentary work as work in which "walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §§ 404.1567(a), 416.967(a). "Occasional" is further defined in the context of walking and standing in sedentary work as "occurring from very little up to one-third of the time, and would generally involve no more than about 2 hours of an 8-hour workday." SSR 96-9p. Implicit in the finding that plaintiff can perform the requirements of sedentary work, as so defined, is the ALJ's determination that plaintiff can stand or walk for no more than two hours, particularly in the context of his reliance on Dr. Saeed's opinion that specifically finds as much.

Dkt. No. 23 at 22 n.6. The Court agrees with Magistrate Judge Peebles, and holds that "[t]his explanation both represents a function-by-function assessment of the ability to stand and walk and provides sufficient information to allow for meaningful review." *Id.* at 21-22.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Peebles' May 23, 2022 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that the decision denying benefits is **AFFIRMED**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings is **GRANTED**; and the Court further

**ORDERS** that the Clerk of Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 28, 2022
        Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge